IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN FUNK and CRAIG FUNK, Individually and NAXOS HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE CALYX PG HOLDING, LLC, a Delaware limited liability company, CALYX PEAK, INC., a Delaware corporation, HOWARD KEUM, individually and as Manager of THE CALYX PG HOLDING, LLC, ED SCHMULTS, individually and CEO of CALYX PEAK, INC., and MICHAEL BANG, individually and CFO of CALYX PEAK, INC.<br><br>Defendants. | No. 1:21-cv-385<br><br>Removed From:<br>Circuit Court of Cook County, Illinois<br>Case No. 2020-L-013307 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants The Calyx PG Holdings, LLC,[1] Calyx Peak, Inc., Howard Keum, Edward Schmults, and Hyong-gue Michael Bang ("Defendants") hereby provide notice of removal of the above-captioned action currently pending in the Circuit Court of the Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendants state as follows:

---

[1] The Calyx PG Holdings, LLC no longer exists because it was converted to Calyx Peak, Inc. in January 2019. (Declaration of Edward M. Schmults, attached hereto as **Exhibit A** ("Schmults Decl.") ¶ 2.)

**INTRODUCTION**

1. On December 11, 2020, plaintiffs Justin Funk, Craig Funk, and Naxos Holdings, LLC ("Plaintiffs") filed a Complaint against Defendants in the Circuit Court of Cook County, Illinois, captioned *Funk, et al. vs. The Calyx PG Holding, LLC, et al.*, No. 2020L013307 (the "State Court Action"). A true and correct copy of the Complaint ("Compl.") and all process, pleadings, and other papers from the State Court Action docket are attached hereto as **Exhibit B**.

2. Defendants received a copy of the Complaint in the State Court Action along with a request to waive service of process on December 21, 2020. (Declaration of Lawrence G. Green, attached hereto as **Exhibit C** ("Green Decl." ¶ 2.)

3. Plaintiffs' Complaint is purportedly a derivative action which generally alleges that Defendants committed breach of contract, fraud in the inducement, and violations of Illinois Blue Sky laws relating to certain convertible promissory notes executed by Plaintiffs. Plaintiffs' seek damages totaling at least $650,000. (Compl. ¶¶ 16-21, 38, 45, 51.)

4. The State Court Action may be removed to this Court because the Court has diversity jurisdiction.

**COMPLIANCE WITH 28 U.S.C. § 1446 REQUIREMENTS**

5. Removal is timely. A notice of removal may be filed within 30 days after the defendant receives, "through service or otherwise," a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the time for filing a notice of removal does not begin to run until a party has been formally served with the summons and complaint under applicable state law). Pursuant to the Illinois Code of Civil Procedure, "[w]hen a waiver of service is filed by the plaintiff with the court, the action shall proceed as if a summons and complaint had been served at the time of filing of the waiver, and no

proof of service shall be required." 735 ILCS 5/2-213. The Defendants executed a waiver of service on December 23, 2020. (Green Decl. ¶ 3, Ex. 1.) Plaintiffs filed the waiver of service on January 4, 2021. (Ex. B, State Court Action Docket at p. 2.)² Therefore, this Notice of Removal is timely filed.

6. <u>Removal to proper court.</u> This Court is located in Cook County, Illinois, and is therefore within the "district and division within which" the State Court Action was filed. 28 U.S.C. § 1446(a). Therefore, venue is proper in this Court.

7. <u>Pleadings and process.</u> Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Defendants are attached to this Notice of Removal. (Ex. B.) Defendants have not answered or otherwise filed a response to the Complaint. Defendants hereby reserve all defenses and objections to the Complaint.

8. <u>Notice to state court and adverse parties.</u> Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed contemporaneously with this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois and is being served on Plaintiff.

9. <u>Basis for removal.</u> This is an action involving complete diversity amongst the parties and is a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs. Therefore, the Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) and is an action that Defendants can properly remove pursuant to 28 U.S.C. § 1441.

(a) <u>Complete diversity</u>. Diversity of citizenship is determined at the time of removal. *Mkt. St. Bancshares, Inc. v. Fed. Ins. Co.*, 962 F.3d 947, 951 n.2 (7th Cir. 2020) (noting

---

² The Court may take judicial notice of the State Court docket pursuant to Federal Rule of Evidence 201 because its existence is not subject to reasonable dispute and its "accuracy can be easily confirmed by examining the court's electronic docket." *Skinner v. LVNV Funding, LLC*, 2018 U.S. Dist. LEXIS 2812, at *4 (N.D. Ill. Jan. 8, 2018).

that jurisdiction is determined as of "the instant of removal") (citations omitted). A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)((1). With respect to limited liability companies, "[f]or diversity purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

      (i)      Plaintiff Justin Funk is a citizen of Illinois. (Compl. ¶ 1.)

      (ii)      Plaintiff Craig Funk is a citizen of Florida. (Compl. ¶ 2.)

      (iii)      Plaintiff Naxos Holdings, LLC is a limited liability company registered in the State of Nevada. The Nevada online business portal indicates that the manager of Naxos, Holdings, LLC is Paul Morris, a citizen of Colorado. A true and correct copy of the Nevada online business portal is attached hereto as **Exhibit D**. Upon information and belief, Paul Morris is the sole member of Naxos Holdings, LLC. Thus, for purposes of diversity jurisdiction, Naxos Holdings, LLC is a citizen of Colorado. *Cf. Cont'l Vineyard, LLC v. Vinifera Wine Co., LLC*, 973 F.3d 747, 751-52 (7th Cir. 2020) (noting that two Delaware limited liability companies were citizens of Illinois where their sole members were Illinois citizens); *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 427 (7th Cir. 2009) (noting that an LLC's principal place of business and place of formation was irrelevant for purposes of determining citizenship).

      (iv)      Defendant The Calyx PG Holdings, LLC was formerly a Delaware limited liability company that was converted to Calyx, Peak, Inc. in January 2019. (Schmults Decl. ¶ 2.) To the extent the citizenship of this defunct entity is relevant for the purpose of establishing diversity jurisdiction, the members of this former LLC were as follows:

4

  (1)  Howard Keum, a Nevada citizen;

  (2)  Equity Trust IRA f/b/o Howard Keum, the trustee of which is Howard Keum, a Nevada citizen. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (stating that the citizenship of a trust is that of its trustees);

  (3)  CDE Keum Trust, the trustee of which is Hyong-gue Michael Bang, a Canadian citizen;

  (4)  Beomhee Bobby Lee, a Canadian citizen;

  (5)  Hyong-gue Michael Bang, a Canadian citizen;

  (6)  Daniel Wittlinger, a Nevada citizen.

  (7)  D.H. Kim, a Korean citizen; and

  (8)  Paul Song, a California citizen.

  (Declaration of Howard Keum, attached hereto as **Exhibit E** ("Keum Decl."), ¶ 3.)

  (v)  Defendant Calyx Peak, Inc. is a Delaware corporation with its principal place of business in Massachusetts. (Schmults Decl. ¶ 3.) Therefore, it is a citizen of Delaware and Massachusetts.

  (vi)  Defendant Howard Keum is a resident and citizen of Nevada. (Keum Decl. ¶ 4.)

  (vii)  Defendant Edward Schmults is a resident and citizen of Rhode Island. (Schmults Decl. ¶ 4.)

  (viii)  Defendant Michael Bang is a Canadian citizen residing in Ontario, Canada. (Declaration of Hyong-Gue Michael Bang, attached hereto as **Exhibit F** ("Bang Decl.") ¶ 2.)

5

(ix) Because Plaintiffs are citizens of Illinois, Florida, and Colorado and Defendants are citizens of Delaware, Massachusetts, Nevada, Rhode Island, and Canada, there is complete diversity between the parties in this action.

(b) <u>Amount in controversy.</u> Plaintiffs seek damages of at least $650,000, exclusive of costs and interest. (Compl. ¶¶ 16-21, 38, 45, 51). As such, the amount in controversy exceeds the $75,000 threshold required by 28 U.S.C. § 1332(a).

10. Based on the foregoing, this Court has diversity jurisdiction over this action and removal to this Court is proper.

WHEREFORE, Defendants hereby remove the State Court Action from the Circuit Court of Cook County, Illinois to this Court for further proceedings according to law.

Respectfully submitted,

THE CALYX PG HOLDINGS, LLC, CALYX PEAK, INC., HOWARD KEUM, ED SCHMULTS, and MICHAEL BANG

By: /s/ Jeanah Park
One of Their Attorneys

Jeanah Park, Esq. Bar. No. 06278193
Nusra Ismail, Esq. Bar. No. 6327078
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500
jpark@vedderprice.com
nismail@vedderprice.com

Dated: January 22, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **NOTICE OF REMOVAL** on January 22, 2021 with the Clerk of the Court using the CM/ECF system and that a copy of the foregoing **NOTICE OF REMOVAL** was served on the following:

Bellas & Wachowski
George S. Bellas (george@bellas-wachowski.com)
Misty J. Cygan (misty@bellas-wachowski.com)
15 N. Northwest Highway
Park Ridge, Illinois 60068

by e-mail and by depositing the same in the U.S. Mail, first-class postage prepaid.

*/s/ Jeanah Park*
Jeanah Park