# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN FUNK and CRAIG FUNK, Individually, and NAXOS HOLDINGS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 21-CV-385 |
| v. | ) ) ) | |
| THE CALYX PG HOLDING, LLC, a Delaware limited liability company, CALYX PEAK, INC., a Delaware Corporation, HOWARD KEUM, Individually and as Manager of THE CALYX PG HOLDING, LLC, ED SCHMULTS, individually and CEO of CALYX PEAK, INC., and MICHAEL BANG, individually and CFO of CALYX PEAK, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | Removed From: Circuit Court of Cook County, Illinois Case No. 2020-L-23307 |
| Defendants. | ) | |

## AMENDED COMPLAINT

NOW COME Plaintiffs, JUSTIN FUNK and CRAIG FUNK, individually, and NAXOS HOLDINGS, LLC, by and through their attorneys, BELLAS & WACHOWSKI, and complaining of Defendants, THE CALYX PG HOLDING, LLC, a Delaware limited liability company, CALYX PEAK, INC., a Delaware corporation, HOWARD KEUM, individually and as Manager of THE CALYX PG HOLDING, LLC, ED SCHMULTS, individually and as CEO of CALYX PEAK, INC., and MICHAEL BANG, individually and as CFO of CALYX PEAK, INC., states as follows:

## INTRODUCTION

This derivative action is being brought by holders of convertible promissory notes to remedy and to seek injunctive relief, in addition to recover damages sustained as a result of

Defendants' breach of contract and fraudulent actions relating to materially false and misleading statements or omissions of material information, and Blue-Sky law violations, have damaged the individual note holders. Plaintiffs bring this suit to recover damages relating thereto.

## THE PARTIES

1. Plaintiff, JUSTIN FUNK, is an individual and resident of Cook County, Illinois.

2. Plaintiff, CRAIG FUNK, is an individual and resident of the State of Florida.

3. Plaintiff, NAXOS HOLDINGS, LLC, is a limited liability company registered in the State of Nevada.

4. Defendant, THE CALYX PG HOLDINGS, LLC, purports to be a Delaware limited liability company.

5. Upon information and belief, Defendant, THE CALYX PG HOLDINGS, LLC, is not a registered limited liability company in the State of Delaware.

6. Defendant, CALYX PEAK, INC., is a Delaware corporation registered in the State of Delaware and upon information and belief, does business in the State of Illinois.

7. Upon information and belief, Defendant, HOWARD KEUM, is a Manager of THE CALYX PG HOLDINGS, LLC.

8. Upon information and belief, Defendant ED SCHMULTS, is the Chief Executive Officer of CALYX PEAK, INC.

9. Upon information and belief, Defendant MICHAEL BANK, is the Chief Financial Officer of CALYX PEAK, INC.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter because the parties are citizens of different States and the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C. § 1332(a).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the action arose here.

## ALLEGATIONS COMMON TO ALL COUNTS

12. On October 22, 2018, a Convertible Note Purchase Agreement (the "Agreement") was executed by and between Plaintiff, JUSTIN FUNK ("Funk"), and Defendant, THE CALYX PG HOLDINGS, LLC, ("Calyx Holdings"). A true and correct copy of the Agreement is attached hereto marked as "**Exhibit A**" and incorporated herein by reference.

13. On October 15, 2018, a Convertible Note Purchase Agreement (the "Agreement") was executed by and between Plaintiff, CRAIG FUNK ("Craig"), and Defendant, THE CALYX PG HOLDINGS, LLC, ("Calyx Holdings"). A true and correct copy of the Agreement is attached hereto marked as "**Exhibit B**" and incorporated herein by reference.

14. On August 20, 2018, a Convertible Note Purchase Agreement (the "Agreement") was executed by and between Plaintiff, NAXOS HOLDINGS, LLC ("Naxos"), and Defendant, THE CALYX PG HOLDINGS, LLC, ("Calyx Holdings"). A true and correct copy of the Agreement is attached hereto marked as "**Exhibit C**" and incorporated herein by reference.

15. Attached to each of the Agreements are the Convertible Promissory Note (the "Note"). *See* **Exhibit A** of **Exhibit A**, **B** and **C**.

16. Funk's investment amount totaled TWO-HUNDRED THOUSAND ($200,000.00) DOLLARS and 00/100.

17. Craig's investment amount totaled TWO-HUNDRED THOUSAND ($200,000.00) DOLLARS and 00/100.

18. Naxos's investment amount totaled TWO-HUNDRED AND FIFTY THOUSAND ($250,000.00) DOLLARS and 00/100.

19. Funk caused TWO-HUNDRED THOUSAND ($200,000.00) DOLLARS and 00/100 to be wired to the account and routing number specified by Calyx Holdings.

20. Craig caused TWO-HUNDRED THOUSAND ($200,000.00) DOLLARS and 00/100 to be wired to the account and routing number specified by Calyx Holdings.

21. On October 22, 2018, Naxos caused TWO-HUNDRED AND FIFTY THOUSAND ($250,000.00) DOLLARS and 00/100 to be wired to the account and routing number specified by Calyx Holdings.

22. The terms of each Note contained a maturity date of 24 months from the date of Note with interest accruing at the rate of ten percent (10%) per annum.

23. Section 3.1 of the Agreement states:

    3.1 Closing. The closing with respect to the transactions contemplated hereby (each a "Closing") shall take place on such one or more dates (each a "Closing Date") as may be determined by the Company either (i) until the Company shall have effectuated Closing for not more than $15,000,000 in original principal amount of the Notes, or (ii) until he Company shall have determined, in its sole discretion, that the offering of the Notes made by this Agreement shall have terminated. The Initial Closing shall take place on the date hereof or such date when the Company shall have subscribed for Closings of not less than $5,000,000 in original principal amount (the "Initial Closing"). Each Closing shall be held at the offices of the Company or remotely via the exchange of documents and signatures. Each Investor who desires to purchase a Note hereunder shall subscribe thereto by completing, executing and delivering to the Company the signature page attached to this Agreement (each a "Signature Page") and the Accredited Investor Questionnaire attached hereto as Form A, together with payment by check drawn on good funds or by wire transfers of immediately available funds of the original principal amount of the Note so purchased. As each Closing is completed, the Signature Pages of Investors purchasing Notes at such Closing shall be attached to this Agreement, and Schedule I shall be amended accordingly. The Company may accept or reject, in whole or in part and at its sole discretion, any offer by an Investor to purchase a Note.

24. Section 3.2 of the Agreement states:

    3.2 Issuance and Delivery of Note. As of the date of each Closing, the Company shall issue and deliver to each Investor an executed Note in the form of Exhibit A in the original principal amount as is set forth on the Signature Page of such Investor delivered to the Company hereunder (which amount shall thereafter be entered by

the Company on Schedule I opposite such Investor's name).  the rights of each Investor with respect to such Investor's Note shall be as set forth in the Note and this Agreement.

25. Section 4.2 of the Agreement states:

    4.2 Optional Conversion.  If the Company does not consummate a Qualified Offering prior to the Maturity Date, the then outstanding principal amount, together with accrued interest, on the Notes may, at the election of the holders of a majority of the outstanding principal amount of all Notes (the "Majority Holders"), be …(ii) paid in full within thirty (30) days following receipt by the Company of such election of the Majority Shareholders.

26. Section 9.4 of the Agreement states:

    9.4 Changes:  The terms and provisions of this Agreement may not be modified or amended, or any of the provisions hereof waived, temporarily, or permanently, except pursuant to a writing executed by duly authorized representatives of the Company and the Majority Holders.

27. On June 12, 2020, Calyx Peak sent an email with a proposed amendment for the 2018 Convertible Notes, including the Note held by Funk.  A true and correct copy of said email is attached hereto marked as "**Exhibit D**" and incorporated herein by reference.

28. The revised terms included a new maturity date of December 31, 2023.

29. On August 25, 2020, Funk sent an email to Michael Bang and Howard Keum requesting the identity and contact information of all note holders pursuant to Section 3.1 of the Agreement.  A true and correct copy of said email is attached hereto marked as "**Exhibit E**" and incorporated herein by reference.

30. On August 25, 2020, Funk was informed via email that the proposed amendment had been approved by a majority of the holders to extend the maturity date.  The new notes contained a reference to Section 9.4 of the original Agreement, indicating that any future amendments were subject to a majority vote.

31. Funk, Craig, and Naxos had voted against the proposed amendment.

32. On August 28, 2020, Funk received a response to his August 25th email denying Funk's request. *See* Exhibit E.

33. On January 31, 2021, Plaintiffs received an email from Defendant MICHAEL BANG, entitled, "Calyx Peak Convertible Debt Proposal—Tranches 1-3". A true and correct copy of the email is attached hereto marked as "**Exhibit F**" and incorporated herein by reference.

34. The email seeks to further dilute Plaintiffs' investment by converting the Convertible Notes to shares in order to secure a $12.5M loan. *See* Exhibit F.

35. On January 31, 2021, Plaintiffs were also provided a proposed amendment and common stock warrant purchase agreement. True and correct copies are attached hereto marked as "**Exhibit G**" and "**Exhibit H**" respectively.

36. Demand for rescission was made upon Defendants' within six (6) months of Defendants' learning that the transactions were voidable under Illinois law.

## COUNT I—BREACH OF CONTRACT
### (THE CALYX PG HOLDINGS, LLC)

37. Plaintiffs reallege and reincorporate Paragraphs 1 through 36 as though fully set forth herein.

38. The Contracts are valid and enforceable agreements between the parties.

39. Plaintiffs performed all of their obligations under the Agreements.

40. Defendant Calyx Holdings breached the Contracts in numerous ways, including but not limited to:

    a. Failing and refusing to provide information Plaintiffs was entitled to pursuant to the terms of the Agreement;

    b. Failing to pay Plaintiffs the Notes in full, plus 10% interest per annum upon the Maturity Date;

    c.      Failing to advise all investors prior to the vote to amendment the maturity date on the Notes that Defendants would be raising an additional $7.5 million dollars through new investors with better terms that the current investors; and

    d.      Failure to adhere to the Illinois Blue Sky laws.

41. Plaintiffs contacted Defendant regarding these issues and Defendant failed and refused to remedy said breaches.

42. As a result of the breaches by Defendant, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs, JUSTIN FUNK, CRAIG FUNK, and NAXOS HOLDINGS, LLC by and through their attorneys, BELLAS & WACHOWSKI, pray for the entry of judgment in their favor and against Defendant, THE CALYX PG HOLDINGS, LLC, for rescission and award in the amount of at least $200,000.00 for Plaintiffs JUSTIN FUNK and CRAIG FUNK, and at least $250,000.00 for Defendant NAXOS, plus interest in the amount of 10% per annum, and for any other relief the court deems necessary and just.

## COUNT II—FRAUD IN THE INDUCEMENT
**(All Defendants)**

43. Plaintiffs reallege and reincorporate Paragraphs 1 through 42 as though fully set forth herein.

44. Defendants made statements of a material fact relating to the Agreement and Note that were false:

    a. Defendant Keum promised Plaintiffs that the value of the existing assets of the Company were, and always would be, more valuable than the outstanding loans;

    b. Defendant Keum promised that the value of the assets was never to be surpassed by outstanding debt whereby the Notes could not be repaid on time;

    c. Defendants overall misrepresented the financial position of the Company; and

  d. Defendant Keum misrepresented the ability to raise capital with investors always waiting in the wings to invest millions of dollars.

45. The statements made by Defendants were made for the purpose of inducing the Plaintiff to invest in Calyx Holdings.

46. The statements by Defendants were false and the Defendants knew the statements were false.

47. The Plaintiffs were not aware the statements by Defendants were false, and, in fact, reasonably believed the statements to be true and relied on the statements to their detriment.

48. The Plaintiffs would not have entered into the Agreements but for the material statements by the Defendants.

49. Plaintiffs has suffered damages as a result of Defendants' material statements.

  WHEREFORE, Plaintiffs, JUSTIN FUNK, CRAIG FUNK, and NAXO HOLDINGS, LLC, by and through their attorneys, BELLAS & WACHOWSKI, pray for the entry of judgment in their favor and against Defendants, in the amount of at least $200,000.00 for Plaintiffs FUNK and CRAIG, and at least $250,000.00 for Plaintiff NAXOS HOLDINGS, LLC, plus interest in the amount of 10% per annum, punitive damages, and for any other relief the court deems necessary and just.

## <u>COUNT III—VIOLATION OF ILLINOIS BLUE SKY LAWS</u>
### (All Defendants)

50. Plaintiffs reallege and reincorporate Paragraphs 1 through 49 as though fully set forth herein.

51. The Agreement is a "security" as defined by the Illinois Securities Law of 1953 (the "Act").

52. Each of the Defendants are considered an "issuer" as defined by the Act.

53. The Notes sold by Defendants require registration under Section 5 of the Act.

54. Defendants have violated Section 12 of the Illinois Securities Law of 1953 in the following ways:

   a. by failing to register as a dealer, internet portal, salesperson, investment advisor, or investment advisor representation;

   b. by failing to file with the Secretary of State any application, report or document required to be filed under the provisions of the Act;

   c. by engaging in transaction, practice, and course of business in connection with the sales of securities which worked a fraud or deceit upon the Plaintiffs;

   d. by obtaining money through the sale of securities by means of untrue statements of material fact and omissions of material fact in order to make statements made, in light of the circumstances under which they were made, not misleading; and

   e. by employing a device and scheme to defraud the Plaintiffs in connection with the sale of securities.

55. Section 5/13(G)(1) of the Illinois BlueSky Law states:

   Whenever any person has engaged or is about to engage in any act or practice constituting a violation of this Act, any party in interest may bring an action in the circuit court of the county in which the party in interest resides, or where the person has his, her or its principal office or registered office or where any part of the transaction has or will take place, to enjoin that person from continuing or doing any act in violation of or to enforce compliance with this Act. Upon a proper showing, the court shall grant a permanent or preliminary injunction or temporary restraining order or rescission of nay sales or purchases of securities determined to be unlawful under this Act and may assess costs of the proceeding against the defendant.

56. The Defendants' material misstatements and omission of fact were willful and amount to malice, thereby surpassing inadvertence, or neglect.

WHEREFORE, Plaintiffs, JUSTIN FUNK, CRAIG FUNK, and NAXO HOLDINGS, LLC, by and through their attorneys, BELLAS & WACHOWSKI, pray for the entry of judgment in their favor for recission and against Defendants in the amount of at least $200,000.00 for Plaintiffs FUNK and CRAIG, and at least $250,000.00 for Plaintiff NAXOS HOLDINGS, LLC, plus interest in the amount of 10% per annum, punitive damages, costs, reasonable attorneys' fees, injunctive relief to enjoin the Defendants from further dilution of Plaintiffs' notes and for any other relief the court deems necessary and just.

Respectfully submitted,

JUSTIN FUNK, CRAIG FUNK and NAXOS HOLDINGS, LLC Plaintiffs,

By: /s/ Misty J. Cygan
MISTY J. CYGAN,
Attorney for Plaintiffs

George S. Bellas (george@bellas-wachowski.com)
Misty J. Cygan (misty@bellas-wachowski.com)
Bellas & Wachowski
Attorneys for Plaintiff
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9034